UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG COOPER, | CASE NO. 1:11-cv-00544-AWI-MJS (PC) |
| Plaintiff, | ORDER FINDING CLAIMS AGAINST DEFENDANT SYNTHIA SELY COGNIZABLE |
| v. | (ECF No. 1) |
| SYNTHIA SELY, et al., | |
| Defendants. | |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

On April 1, 2011, Plaintiff Craig Cooper, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff's Complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF COMPLAINT

The Complaint identifies Synthia Sely, Licensed Vocational Nurse, Pleasant Valley State Prison (PVSP) and an unspecified number of John Does[1] as Defendants in this action. Plaintiff alleges the following:

On September 2, 2010, Plaintiff informed Defendant Sely "'that he was having diabetic problems and needed to be tested to see if he was high or low blood sugar so that he could get the right treatment, food or insulin.'" (Compl. at 5, 6.) Defendant Sely refused

---

[1] Sely is the only Defendant identified in the caption of the Complaint and Plaintiff left section III. B., titled "Additional defendants," blank. On page five, Plaintiff states "Defendant John Does, an agent of [PVSP], will be stated after further investigation." The John Does are not mentioned again in the Complaint therefore the Court will only address the stated claims against Defendant Sely. Should Plaintiff choose to file an amended Complaint, he is cautioned that while he may identify unknown Defendants as "John Doe," the Court can not order service of process until Plaintiff discovers the names of Doe Defendants.

to treat Plaintiff. Sely was aware that Plaintiff was diabetic and, as the diabetic nurse, she had the skill and equipment to provide Plaintiff the treatment he sought. (Id.) Defendant Sely was "aware that [P]laintiff['s] medical condition could be fatal if not treated" promptly. (Id. at 6.) When he approached Sely, Plaintiff was experiencing "sweating, panick [sic], insatiable thir[s]t, elevated heart rate, trembling kind of feeling, feeling irritable, blurred vision and more." (Id.) After being denied treatment, Plaintiff suffered through his symptoms "for the rest of that evening and all night." (Id. at 7.) "As a proximate result of the [D]efendant['s] conduct, [P]laintiff has suffered general damages in the form of severe pain and emotional distress." (Id. at 8.)

**IV.    ANALYSIS**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal

conclusions are not. Id. at 1949-50.

Plaintiff alleges that the denial of medical care violated his Eighth Amendment rights and "constitute[d] the tort of negligence . . . ." (Compl. at 7.)

### A. Eighth Amendment Denial Of Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff alleges that he experienced "sweating, panick [sic], insatiable thir[s]t, elevated heart rate, trembling kind of feeling, feeling irritable, blurred vision and more." (Compl. at 6.) He also alleges he was experiencing a potentially fatal diabetic reaction.

4

(Id.) Plaintiff has adequately alleged a serious medical need. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

Plaintiff further alleges that he advised Defendant Sely of his serious medical need and she refused to provide him any medical care even though she knew he was diabetic and his symptoms indicated a potentially life-threatening condition. Plaintiff has adequately alleged deliberate indifference on the part of Defendant Sely; the facts alleged, which must be taken as true at this stage of the proceedings, indicate that Sely "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

## B.  Negligence Claim

Plaintiff also asserts a claim for negligence arising from the facts alleged above. A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2012). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003).

Plaintiff alleges that he was in the care of Defendant Sely and that she was both aware of his diabetic history and the seriousness of his condition at the time. Defendant Sely is alleged to have denied the treatment that would have alleviated Plaintiff's immediate pain and risk of further harm. Plaintiff allegedly suffered throughout the night as a result of the denied treatment. Based on the facts alleged, it appears Plaintiff has stated a cognizable negligence claim under state law.

5

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2012).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  <u>Shirk v. Vista Unified Sch. Dist.</u>, 42 Cal.4th 201, 208-09 (Cal. 2007); <u>State v. Superior Court of Kings Cnty. (Bodde)</u>, 32 Cal.4th 1234, 1239 (Cal. 2004); <u>Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.</u>, 237 F.3d 1101, 1111 (9th Cir. 2001); <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995).  Plaintiff alleges compliance. (Compl. at 19.) The Court will thus exercise its supplemental jurisdiction over Plaintiff's negligence claim against Defendant Sely.  28 U.S.C. § 1367(a).

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint sets forth cognizable claims against Defendant Synthia Sely for violating Plaintiff's Eighth Amendment right to adequate medical care and negligence under state law.  Accordingly, it is HEREBY ORDERED that this action proceed on Plaintiff's Complaint, filed April 1, 2011, against Defendant Synthia Sely for violations of the Eighth Amendment and negligence.

IT IS SO ORDERED.

Dated:   February 27, 2012                /s/ *Michael J. Seng*
ci4d6                                              UNITED STATES MAGISTRATE JUDGE