IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG COOPER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SYNTHIA SELY,<br><br>　　　　Defendant.<br>_____/ | CASE No. 1:11-cv-00544-AWI-MJS (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED FIRST AMENDED COMPLAINT<br><br>(ECF No. 24) |

## I.  PROCEDURAL HISTORY

Plaintiff Craig Cooper is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed April 1, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff and Defendant have declined Magistrate Judge jurisdiction. (Decline Jurisdiction, ECF Nos. 3, 22.)

On February 28, 2012, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, and found that it stated cognizable claims against Synthia Sely, Licensed Vocational Nurse, Pleasant Valley State Prison, for violations of Plaintiff's Eighth Amendment rights and negligence. (Order Finding Claims, ECF No. 9); Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v.

-1-


Twombly, 550 U.S. 544, 555 (2007). On May 15, 2012, Defendant filed her Answer. (Answer, ECF No. 13.) On May 16, 2012, the Court filed its Discovery and Scheduling Order (Discov and Sched. Order, ECF No. 14), setting a Deadline to Amend Pleadings of November 16, 2012, a Discovery Cut-Off Date of January 13, 2012, and a Dispositive Motion Deadline of March 25, 2013.

On June 29, 2012, Plaintiff lodged a First Amended Complaint. (First Am. Compl., ECF No. 23.) On July 16, 2012, Defendant filed a Motion to Strike Unauthorized First Amended Complaint. (Mot. to Strike, ECF No. 24.) On July 30, 2012, Plaintiff filed Opposition to the Motion to Strike. (Opp'n to Mot. to Strike, ECF No. 25.) No Reply brief has been filed and the time for doing so has passed. The Motion to Strike is deemed submitted for ruling.

## II.     LEGAL STANDARDS

The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664–65 (7th Cir. 1992) (citing Alvarado–Morales v. Digital Equip. Corp., 843 F.2d 613, 618 (1st Cir. 1988)). Courts generally disfavor motions to strike, however, because they propose a drastic remedy and are typically a delay tactic. See Mag Instrument, Inc. v. JS Prod.'s Inc., 595 F.Supp.2d 1102, 1106 (C.D. Cal. 2008); Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd., 647 F.2d 200, 201 (D.C. Cir. 1981); Morse v. Weingarten, 777 F.Supp. 312, 319 (S.D.N.Y. 1991); Mirshak v. Joyce, 652 F.Supp. 359, 370 (N.D. Ill. 1987); Schramm v. Krischell, 84 F.R.D. 294, 299 (D. Conn. 1979).

Accordingly, Rule 12(f) movant not only must demonstrate the allegedly offending material is "redundant, immaterial, impertinent, or scandalous," or constitutes an insufficient defense, but must also show how such material will cause prejudice. Fed. R. Civ. P. 12(f). See also Mag Instruments, Inc., 595 F.Supp.2d at 1106 ("Given their disfavored status, courts often require a showing of prejudice by the

moving party before granting the requested relief.") (citing <u>Neilson v. Union Bank of Cal., N.A.</u>, 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003)).

### III.   **ARGUMENT**

Defendant argues that Plaintiff's First Amended Complaint is substantively identical to the Complaint and differs only by the addition of a verification page. (Mot. to Strike at 1:24-25.) Defendant also notes that Plaintiff failed to comply with Fed. R. Civ. P. 15(a) requirements for non-permissive amendment. (<u>Id.</u> at 1:26-28.) Defendant requests the Court strike the First Amended Complaint and direct that the matter proceed on Plaintiff's original Complaint. (<u>Id.</u> at 2:4-6.)

Plaintiff argues in opposition that the First Amended Complaint was lodged in good faith, does not change facts, claims, or Defendants already before the Court, and that Defendant can not show prejudice should her motion be denied.

### IV.   **ANALYSIS**

The First Amended Complaint shall be stricken.

Plaintiff was required to seek written consent of Defendant or leave of the Court prior to amending his pleading. Fed. R. Civ. P. 15(a). <u>Sapiro v. Encompass Inc.</u>, 221 F.R.D. 513, 517 (N.D. Cal. 2004). Plaintiff did neither.

Plaintiff concedes the First Amended Complaint is redundant and merely repeats allegations in the Complaint. Such redundant allegations have no essential relationship to, and are not necessary to the claims before the Court, and may be stricken on such grounds. Fed. R. Civ. P. 12(f); California Dept. Of Toxic Substances Control v. Alco Pacific, Inc., 217 F.Supp.2d 1028, 1032-33 (C.D. Cal. 2002).

A court has discretion to strike an amended pleading that does not comply with Rule 15(a). <u>Id.</u> (citing <u>Vasquez v. Johnson County Housing Coalition Inc</u>., 2003 WL 21479186 at *1 (D. Kan. 2003)). Although leave to amend should be freely given when justice so requires, it appears Plaintff made no attempt to obtain Defendant's consent

1 or the Court's permission prior to lodging his First Amended Complaint. Nothing would
2 be accomplished by allowing it to be filed other than to cause the Court and defendant
3 to duplicate previous actions and the case to be delayed as a result.

4       Good cause for the amended pleading is not apparent. The First Amended
5 Complaint merely replicates the properly filed Complaint except for the addition to the
6 former of a verification which is not required and appears unnecessary since the
7 original Complaint is signed under penalty of perjury. (Compl. at 3); see Fed. R. Civ. P.
8 11(a).

9       Prejudice may exist where a defendant is required to litigate redundant matter,
10 complicating and confusing proceedings and wasting time and money. <u>California Dept.
11 Of Toxic Substances Control</u>, 217 F.Supp.2d at 1033. Allowing the First Amended
12 Complaint would necessitate duplicate proceedings. On the other hand, there is no
13 showing of prejudice to Plaintiff if the Motion to Strike is granted.

14 **V.    ORDER**

15       Accordingly, it is HEREBY ORDERED that Defendant's Motion to Strike (ECF
16 No. 24) Plaintiff's Unauthorized [Lodged] First Amended Complaint (ECF No. 23) is
17 GRANTED.

23       IT IS SO ORDERED.

24 Dated:   October 29, 2012          /s/ *Michael J. Seng*
                                                        UNITED STATES MAGISTRATE JUDGE