UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG COOPER, | CASE No. 1:11-cv-00544-AWI-MJS (PC) |
|         Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSE TO FIRST SET REQUEST FOR PRODUCTION OF DOCUMENTS |
| v. | |
| SYNTHIA SELY, | (ECF No. 26) |
| | THIRTY-DAY DEADLINE |
|         Defendant. | ORDER AMENDING DISCOVERY AND SCHEDULING ORDER |
| | (ECF No. 14) |
| | DISCOVERY CUT-OFF DATE: APRIL 3, 2013 |
|                                                    / | DISPOSITIVE MOTION DEADLINE: JUNE 11, 2013 |

I.  **PROCEDURAL HISTORY**

Plaintiff Craig Cooper is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed April 1, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff and Defendant have declined to extend magistrate judge jurisdiction to all matters and for all purposes in this case. (Decline Magistrate, ECF Nos. 3, 22.)

On February 28, 2012, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, and found that it stated cognizable claims against Defendant Synthia Sely, Licensed Vocational Nurse ("LVN") at Pleasant Valley State Prison ("PVSP"), for medical indifference under the Eighth Amendment and for state law negligence. (Order Finding Claims, ECF No. 9); Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). On May 15, 2012, Defendant filed her Answer. (Answer, ECF No. 13.) On May 16, 2012, the Court filed its Discovery and Scheduling Order (Discov and Sched. Order, ECF No. 14), setting a Discovery Cut-Off Date of January 16, 2013, and a Dispositive Motion Deadline of March 25, 2013.

Now pending before the Court is Plaintiff's October 15, 2012, motion to compel. (Mot. to Compel, ECF No. 26.) Plaintiff seeks a further response to Request No. 3 in his First Set Request for Production relating to interviews of Defendant conducted in response to Plaintiff's complaint about the underlying incident. Defendant filed opposition to the instant motion on October 29, 2012. (Opp'n to Mot., ECF No. 27.) Plaintiff filed a reply to the opposition on November 7, 2012. (Reply to Opp'n, ECF No. 29.) The matter is deemed submitted for ruling.

## II.     LEGAL STANDARDS

### A.     Discovery Generally

Plaintiff is proceeding pro se as a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; Discovery and Scheduling Order, ECF No. 14, ¶5.

However, regardless of Plaintiff's incarceration, this is a civil action to which the Federal Rules of Civil Procedure apply, and the discovery process is subject to the overriding limitation of good faith. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d

1242, 1246 (9th Cir. 1981). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011); Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

Nonetheless, the Court is vested with broad discretion to manage discovery, Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and where the discovery request seeks information which, based on the record, is clearly within the scope of discovery and the objection lacks merit, the Court may elect to exercise its discretion to reach the merits of the dispute, the moving party's initial burden notwithstanding. E.g., Marti v. Baires, No. 1:08-cv-00653-AWI-SKO PC, 2012 WL 2029720, at *3 (E.D. Cal. Jun. 5, 2012); Williams v. Adams, No. 1:05-cv-00124-AWI-SMS PC, 2009 WL 1220311, at *1 (E.D. Cal. May 4, 2009).

Courts in the Eastern District of California have required that at a minimum "[t]he moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." Walker v. Karelas, 2009 WL 3075575, *1 (E.D. Cal. September 21, 2009). The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance [of discovery], the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's Note (2000 Amendment) (Gap Report) (Subdivision (b)(1).

### B. Motion to Compel Production of Documents

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007), citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

### III. DISCUSSION

#### A. Request for No. 3

Plaintiff seeks "any and all interviews done by medical staff on this incident, grievance or otherwise, to Defendant Sely." (Mot. to Compel at 20:15-17.)

Plaintiff asserts that the interviews are relevant, "truly essential for this lawsuit and cannot be obtained any other way" (Mot. to Compel Doc. Produc. at 2:4-5). Plaintiff notes that Defendant has not produced the interviews.[1] (Id. at 1:20-28.) He points out too that Defendant has the burden of proving confidentiality or privilege. (Id. at 2:7-8.)

### B. Defendant's Response to Request No. 3

Defendant objected to Request No. 3 "as overly broad and not reasonably calculated to lead to the discovery of admissible evidence and on the ground that investigations into staff complaints are confidential."[2]

### C. Ruling

Plaintiff's motion to compel a further response shall be granted.

#### 1. Relevancy

The record of an interview of a witness to or a party involved in the incident giving rise to litigation most certainly contains relevant evidence. Little could be more relevant than a party's or a witness's recollection, explanation, etc., of what occurred in the course of the incident. In any event, the information need not be admissible to be relevant. Fed. R. Civ. P. 26(b)(1). It is discoverable if reasonably calculated to lead to the discovery of admissible evidence. Here, the information sought clearly falls within the scope of reasonable discovery. Defendant's objection on grounds of relevance is overruled.

#### 2. Overbreadth

Defendant's boilerplate "overbreadth" objection also is overruled.

A defendant must "clarify[ ], explain[ ], and support[ ] its objections." El–Shaddai v. Wheeler, 2009 WL 301824 at *2 (E.D. Cal. 2009); See McLeod, Alexander, Powel &

---

[1] The Court notes Plaintiff's requests for the staff interviews pursuant to the California Public Records Act were denied on grounds of Cal. Gov. Code § 6254(c), which exempts from production "Personnel, medical, or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy."

[2] Opp'n to Mot. to Compel at 3:12-14.

Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable.) On its face the request appears to request only interviews about the incident giving rise to this litigation. Nothing suggests otherwise. Defendant's do not suggest otherwise or provide any information or argument in support of the overbreadth claim.

### 3. Privilege and Confidentiality

As presented, Defendant's objection on grounds of safety and security concerns and state law confidentiality (Opp'n to Mot. at 2 § I, citing to Cal. Code. Regs. tit. 15 §§ 3084.9, 3321; Decl. of Morgan in Opp'n at ¶ ¶ 3-4) must also be overruled.

Documents that are a part of the personnel records of officers defending civil rights actions, while containing sensitive information, are within the scope of discovery. Soto v. City of Concord, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995); Hampton v. City of San Diego, 147 F.R.D. 227, 230–31 (S.D. Cal. 1993); Miller v. Pancucci, 141 F.R.D. 292, 296 (C.D. Cal.1992). In civil rights cases brought under federal statutes, questions of privilege are resolved by federal law. Kerr v. U.S. District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir.1975), aff'd on procedural grounds, 426 U.S. 394 (1976). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." Kelly v. City of San Jose, 114 F.R.D. 653, 655 (N.D. Cal. 1987).

Where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto, 162 F.R.D. at 616 (recognizing a constitutionally-based right of privacy that can be raised in

discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information implicating the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack, 2011 WL 6703958 at *5-6 (requiring defendants to submit withheld documents for in camera review or move for a protective order).

In determining whether information sought is privileged, the Court must weigh the potential benefits of disclosure against the potential disadvantages to the party asserting the privilege. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1991); See e.g., Bernat v. City of California City, No. 1:10-cv-00305 OWW JLT, 2010 WL 4008361, at *6 (E.D. Cal. Oct. 12, 2010) ("Though federal courts recognize a general right to privacy, the resolution of a privacy objection requires balancing of the need for the particular information against the privacy right asserted.") (citing Soto, 162 F.R.D. at 621). Of the avenues of relief available, vague, unsupported objections are not among them.  Fed. R. Civ. P. 26(c); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149; Carmichael Lodge No. 2103, Benevolent and Protective Order of Elks of the United States of America v. Leonard, No. CIV S-07-2665 LKK GGH, 2009 WL 1118896, at *4-6 (E.D. Cal. Apr. 23, 2009); Soto, 162 F.R.D. at 616.

It is true that "[q]uestions of privilege that arise in the course of the adjudication of federal rights are 'governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.' " United States v. Zolin, 491 U.S. 554, 562 (1989), quoting Federal Rule of Evidence 501.  Thus, this Court will give weight to privacy rights protected by state statutes, but

the "ultimate responsibility for deciding how much weight to ascribe to such interests, and how that weight compares with the significance of competing interests, must reside with the federal courts." Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D. Cal. 1987).

As noted, state prison regulations imparting confidentiality to such interviews do not shield Defendant from production of them in federal court. The official information privilege exists to ensure disclosure of discoverable information without compromising the state's interest in protecting the privacy of law enforcement officials and in ensuring the efficacy of its law enforcement system. Kelly, 114 F.R.D. at 662–63. "In the context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.' " Soto, 162 F.R.D. at 613, quoting Kelly, 114 F.R.D. at 661. Whether personnel files are privileged depends upon the balance of "potential benefits of disclosure against potential disadvantages; if the latter is greater, the official information privilege may bar discovery." Miller, 141 F.R.D. at 299. Because "privileges operate in derogation of the truth finding process, the law places the burden of proving all elements essential to invoking any privilege on the party seeking its benefits." Kelly, 114 F.R.D. at 662; Fed.R.Civ.P. 26(b)(5).

Here, Plaintiff's request concerns statements made by Defendant Sely regarding the underlying incident. Defendant's bald claims that disclosure of such information will have a negative impact on unidentified matters of security and confidentiality, without any proffer as to how or why that might occur, can not counterbalance Plaintiff's otherwise rather obvious right to discover the information.

Plaintiff is entitled to discover the interviews.

### 4. Custody of Responsive Documents

Defendant's assertion that she "is not the custodian of records for files related to investigations of staff complaints at PVSP . . . [does not] have any responsive document in her possession, custody, or control" and would need the permission of the custodian of [such document] access it, such that she is not "in control of [such document] and cannot be compelled to produce [it]" (Id. at 3:17-22) is overruled.

Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

In responding to discovery requests, Defendant must produce documents which are in her "possession, custody or control." Fed.R.Civ.P. 34(a). However, actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto, 162 F.R.D. at 620.

The specific facts of this action render such an objection unfounded. By virtue of her employment with non-party CDCR, Defendant is represented by the Attorney General's Office. It is this Court's experience that either individual defendants who are employed by CDCR and/or the Attorney General can generally obtain documents, such as the interviews at issue here, from CDCR by requesting them. They have constructive control over the requested documents, and the documents must be produced. See e.g., Mitchell v. Adams, 2009 WL 674348, *9 (E.D. Cal. Mar.6, 2009) (even though defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); see also Gray v. Faulkner, 148 F.R.D. 220, 223–24 (N.D. Ind. 1992) (requiring certification that responding parties "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced.")

If Defendant chooses to stand on this objection, she must provide factual support for her assertion that, in spite of her relationship with CDCR, she does not have possession, custody or control of the requested document. (Defendant should also be mindful of the fact that maintenance of such an objection may preclude her from using the requested document, or any documents of this kind, as evidence in support of summary judgment, in opposition to any of Plaintiff's positions, and in any way during trial. See Fed. R. Civ. P. 37(c)(1).)

IV.     **ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel a further response to his First Set Request for Production of Documents, Request No. 3, (ECF No. 26), is GRANTED;

2. Defendant has **thirty (30) days** from the date of service of this order within which to serve her further response to Plaintiff's First Set Request for Production of Documents, Request No. 3; and

3. The Discovery and Scheduling Order (ECF No. 14) is hereby amended such that the Discovery Cut-Off Date shall be extended to April 3, 2013, and the Dispositive Motion Deadline shall be extended to June 11, 2013.

IT IS SO ORDERED.

Dated:   January 14, 2013            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE