UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG COOPER,<br><br>               Plaintiff,<br><br>   v.<br><br>SYNTHIA SELY,<br><br>               Defendant.<br>_____/ | CASE No. 1:11-cv-00544-AWI-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUEST FOR ADMISSIONS<br><br>(ECF No. 30) |

**I.    PROCEDURAL HISTORY**

Plaintiff Craig Cooper is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed April 1, 2011 pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

This matter proceeds on Plaintiff's claims of denial of medical care and state law negligence against Defendant Sely, a Licensed Vocational Nurse ("LVN") at Pleasant Valley State Prison ("PVSP"). (ECF No. 9.) Defendant Sely filed her Answer on May 15, 2012. (ECF No. 13.) The discovery cut-off date is April 3, 2013. (ECF No. 37.) The dispositive motion deadline is June 11, 2013. (Id.) Plaintiff filed a Motion for Summary Judgment on April 5, 2013. (ECF No. 40.)

Now pending before the Court is Plaintiff's Motion to Compel Further Responses

to his Set One Request for Admissions filed on December 5, 2012. (ECF No. 30.) Defendant filed her opposition to the Motion on December 11, 2012. (ECF No. 33.) Plaintiff filed both a reply (ECF No. 34) and a supplemental reply (ECF No. 36) on December 26, 2013. The Court is ready to rule on Plaintiff's Motion.

## II.   LEGAL STANDARDS

### A.   Discovery Motions

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 14 at ¶5.

However, regardless of Plaintiff's incarceration, this is a civil action to which the Federal Rules of Civil Procedure apply, and the discovery process is subject to the overriding limitation of good faith. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Mitchell v. Felker, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the

responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, 2011 WL 6703958, at *3.

Nonetheless, the Court is vested with broad discretion to manage discovery, Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and where the discovery request seeks information which, based on the record, is clearly within the scope of discovery and the objection lacks merit, the Court may elect to exercise its discretion to reach the merits of the dispute, the moving party's initial burden notwithstanding. Marti v. Baires, 2012 WL 2029720, at *3 (E.D. Cal. Jun. 5, 2012); Williams v. Adams, 2009 WL 1220311, at *1 (E.D. Cal. May 4, 2009).

Courts in the Eastern District of California have required, "at a minimum, [that] the moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." Walker v. Karelas, 2009 WL 3075575 at *1 (September 21, 2009); Brooks v. Alameida, 2009 WL 331358 at *2 (February 10, 2009).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2) (C)(iii). "In each instance [of discovery], the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

**B.  Admissions**

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the

genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and as with other forms of discovery, it is well established that boilerplate objections do not suffice. See e.g., Thompson v. Yates, 2011 WL 5975469, at *2-3 (E.D. C al. Nov. 29, 2011); Everest Indem. Ins. Co. v. Aventine-Tramonti Homeowners Assoc., 2011 WL 3841083, at *2 (D. Nev. Aug. 29, 2011); Palladini v. City of Milpitas, 2008 WL 1774090, at *2 (N.D. Cal. Apr. 16, 2008).

"The requesting party may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer must be served." Id.

Requests for admission ("RFA") are intended to eliminate those issues on which there are no genuine disputes between the parties. Bovarie v. Schwarzenegger, 2011 WL 719206, at *6 (S.D. Cal. Feb. 22, 2011). Requests for admission are not a discovery device for gathering evidence, Id., and they are not intended as a substitute for other methods of discovery. Woodall v. California, 2010 WL 4316953 at *3 (E.D. Cal. Oct. 22, 2010).

### III.   Discussion

#### A.   Plaintiff's Motion

Plaintiff seeks further responses to Set One Request for Admissions, Requests No. 3, 5, 7, 9, 10, 11, 13 and "all answers that do not specifically admit or deny the

particular request".[1] (ECF No. 30 at 1:23-24.) Plaintiff argues Defendant's objections reflect only that the requests present a genuine issue for trial and are not complete and straightforward answers. (Id. at 1:27-2:2.)

Defendant argues she properly responded to these requests for admissions by admitting, denying, or objecting, and that Plaintiff fails to state his specific objections to the disputed responses as required by U.S. v. Baisden, 1:06-CV-01368, 2012 WL 2994108, at *1 (E.D. Cal., July 20, 2012).

Having considered Plaintiff's Motion, Defendant's opposition, Plaintiff's reply and supplemental reply and the relevant discovery requests and responses, the Court rules as follows:

**RFA 3:** "Admit that on 9-2-10 at 5:30 p.m. I told you, defendant Sely, that I, Craig Cooper plaintiff, was having diabetic problems."

**Response:** "Defendant denies this request."

**Ruling:** Defendant has denied the request. Defendant has done all that is required under the Rules. Accordingly, Plaintiff's motion to compel further response to request for admission 3 is DENIED.

**RFA 5:** "Admit that your actions were based on your own observation on 9-2-10 at 5:30 p.m.: in bldg.#5 when plaintiff Cooper approached you Defendant Sely."

**Response:** "Defendant objects to this request on the grounds that it is vague as to the term "actions," is not a plain statement of facts, and is not a request to admit or deny a material fact."

**Ruling:** Plaintiff has not stated why Defendant's objections are not justified. The Court finds that the request is vague and ambiguous for the reason stated by Defendant, and It is unclear what fact Defendant is being asked to admit. Defendant's objection is sustained. Accordingly, Plaintiff's motion to compel further response to

---

[1] Plaintiff's motion seeks relief only as to RFA's 3, 5, 7, 9, 10, 11, 13. Plaintiff did not properly notice any other discovery responses for which he sought relief. To the extent he intended his motion to seek additional further responses, it is denied. Walker, 2009 WL 3075575 at *1; Brooks, 2009 WL 331358 at *2.

request for admission 5 is DENIED.

**RFA 7:** "Admit that you, defendant Sely, know the policies, procedures, and protocol of California Correctional Health Care Services, Inmate Medical Services Policies & Procedures, Volume 4, Chapter 12 Urgent/Emergent Response page 4-12-1, 4-12-2, and 4-12-3, on 9-2-10 at 5:30 p.m."

**Response:** "Defendant objects to this request on the grounds that it lacks foundation and is compound, not a plain statement of fact, and is not a request to admit or deny a material fact. Without waiving these objections, Defendant admits she knows such documents exist."

**Ruling:**. The Court overrules Defendant's objection that the request lacks foundation, but does find that it is compound, vague and ambiguous, sustains those objections. Accordingly, Plaintiff's motion to compel further response to request for admission 7 is DENIED.

**RFA 9:** "Admit that you defendant Sely, did not get directions from a RN or Physician on how Plaintiff Cooper was to have the mandatory required direct contact with RN or Physician on 9-2-10; after being approached by plaintiff Cooper."

**Response:** "Defendant objects to this request on the grounds that it lacks foundation, is compound, is not a plain statement of fact, and is not a request to admit or deny a material fact."

**Ruling:**  The Court finds the request multiply compound, vague and ambiguous and sustains the objection on that basis. Accordingly, Plaintiff's motion to compel further response to request for admission 9 is DENIED.

**RFA 10:** "Admit that because you, defendant Sely, did not follow California Correctional Health Care Services, Inmate Medical Services Policies & Procedures, Volume 4, Chapter 12, all documentations of the injuries and damages incurred on 9-2-10 at 5:30 p.m. in bldg. #5 are prevented from being produced."

**Response:** "Defendant objects to this request on the grounds that it lacks foundation, is compound, is not a plain statement of fact, is not a request to admit or

-6-

deny a material fact, and assumes a fact in dispute regarding Defendant's compliance with CDCR policies. Without waiving these objections, Defendant denies this request."

**Ruling:** The court finds the request to be compound, vague and ambiguous and lacks foundation to the extent it is based upon the truth of an assumption which has not been shown to be true. Defendant has, nevertheless, denied this request. For all these reasons, Plaintiff's motion to compel further response to request for admission 10 is DENIED.

**RFA 11:** "Admit that in/under Urgent/Emergent Response as cited above in Chapter 12, a Urgent/Emergent health care request for immediate medical attention is based on the inmate-patient's or non-health care staff's belief that a medical condition, symptom, or sign requires immediate attention by staff training in the evaluation or treatment of medical problems."

**Response:** "Defendant objects to this request on the grounds that it lacks foundation and is compound, is not a plain statement of fact, is vague, and is not a request to admit or deny a material fact. Defendant further objects to this request on the ground that it assumes a fact in dispute, that there was a medical emergency."

**Ruling:** The Court finds the request to be compound, vague and ambiguous. Accordingly, Plaintiff's motion to compel further response to request for admission 11 is DENIED.

**RFA 13:** "Admit that you defendant Sely do not know what injuries or damages were incurred because you did not provide any tests."

**Response:** "Defendant objects on the grounds that the request is vague and assumes facts in dispute whether Plaintiff suffered injuries or damages. Without waiving these objections, Defendant denies this request."

**Ruling:** The Court finds the request to be compound, lacking in foundation and vague and ambiguous. Accordingly, Plaintiff's motion to compel further response to request for admission 13 is DENIED.

////////

## IV. ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's Motion to Compel Further Responses to Set One Request for Admissions (ECF No. 30) is DENIED.

IT IS SO ORDERED.

Dated: April 16, 2013         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE