UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG COOPER, | CASE No. 1:11-cv-00544-AWI-MJS (PC) |
| Plaintiff, | ORDER (1) DENYING PLAINTIFF'S MOTION RENEWING REQUEST FOR COUNSEL (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| SYNTHIA SELY, | (ECF Nos. 43 & 44) |
| Defendant. | |

## I. PROCEDURAL HISTORY

Plaintiff Craig Cooper is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed April 1, 2011 pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

This matter proceeds on Plaintiff's claims of denial of medical care and state law negligence against Defendant Sely, a Licensed Vocational Nurse ("LVN") at Pleasant Valley State Prison ("PVSP"). (ECF No. 9.) Defendant Sely filed her Answer on May 15, 2012. (ECF No. 13.) The discovery cut-off date is April 3, 2013. (ECF No. 37.) The dispositive motion deadline is June 11, 2013. (Id.) Plaintiff filed a Motion for Summary Judgment on April 5, 2013. (ECF No. 40.) Defendant filed a Motion for Summary

Judgment on April 25, 2013. (ECF No. 47.)

Pending before the Court are Plaintiff's Motions filed April 17, 2013 (1) to Renew Request for Counsel (ECF No. 43) and (2) for Appointment of Counsel (ECF No. 44). **II.**

**MOTION RENEWING REQUEST FOR COUNSEL**

Plaintiff renews his June 13, 2012 Motion for Appointment of Counsel (ECF No. 17) which was denied by the Court on June 21, 2012. (ECF No. 20.) The Court construes this Motion (ECF No. 43) as a request for reconsideration. So construed, this Motion shall be denied.

### A.     Legal Standard

Rule 60(b)(6) allows the Court to relieve a party from an order and judgment for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

### B.     No Basis for Reconsideration

Plaintiff provides no argument in support of reconsideration and cites to no error,

newly discovered evidence, or other grounds supporting reconsideration. He merely attaches his June 13, 2012 Motion and seeks reconsideration based upon the same facts and circumstances previously considered and rejected by the Court.

Plaintiff does not have a right to appointed counsel in this case. 28 U.S.C. § 1915(e)(1); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Plaintiff's June 13th Motion was denied for lack of facts showing exceptional circumstances. That ruling stands. Plaintiff provides no basis for granting a motion for reconsideration.

For the foregoing reasons, Plaintiff's Motion to Renew Request for Counsel shall be denied.

### III.     MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff moves anew for appointment of counsel on grounds he can not afford counsel; his case is complex; he has only a layman's understanding of law; his incarceration impairs his ability to gather evidence; and he needs counsel to conduct discovery and prepare for evidentiary hearing. (ECF No. 44.) This Motion shall be denied.

####     A.     Legal Standard

As noted, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand, 113 F.3d at 1525, and the Court can not require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard, 490 U.S. at 298.

In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." Id. Neither of these factors is dispositive and both must be viewed together before

reaching a decision on request for counsel under section 1915(d). Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).").

### B.     No Basis for Appointment of Counsel

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, the Court can not make a determination at this stage of the litigation that Plaintiff is likely to succeed on the merits. The cognizable medical indifference and negligence claims screened by the Court do not appear to be novel or unduly complex. The facts alleged to date appear straightforward. The discovery deadline has passed.

The record in this case demonstrates sufficient writing ability and legal knowledge to articulate the claims asserted. The Court does not find that at present, even given Plaintiff's incarceration, limited education, and lack of legal training, and as referenced in his Motion, he can not adequately articulate his claims pro se.

It is not apparent on the record that before bringing this Motion Plaintiff exhausted diligent efforts to secure counsel.[1] Plaintiff's lack of funds alone does not

---

[1] See, e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).

demonstrate that efforts to secure counsel necessarily would be futile.

For the foregoing reasons, Plaintiff's Motion for Appointment of Counsel shall be denied without prejudice.

## IV. ORDER

Accordingly, it is HEREBY ORDERED that Plaintiff's Motion to Renew Request for Counsel (ECF No. 43) is DENIED, and Plaintiff's Motion for Appointment of Counsel (ECF No. 44) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: May 7, 2013                /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE