1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT

8            EASTERN DISTRICT OF CALIFORNIA

9

10   CRAIG COOPER,                           CASE No. 1:11-cv-00544-AWI-MJS (PC)

11                                           FINDINGS AND RECOMMENDATIONS (1)
                    Plaintiff,               GRANTING DEFENDANT'S MOTION FOR
12                                           SUMMARY JUDGMENT, (2) DENYING
                                             PLAINTIFF'S MOTION FOR SUMMARY
13                                           JUDGMENT AS SUPPLEMENTED AND
           v.                                CLARIFIED, (3) DENYING PLAINTIFF'S
14                                           MOTION FOR JUDGMENT ON THE
                                             PLEADING, and (4) DENYING
15   SYNTHIA SELY,                           DEFENDANT'S MOTION TO STRIKE SUR-
                                             REPLY
16
17                  Defendant.               (ECF Nos. 40, 46, 47, 51, 52, 62)

18
                                          /  FOURTEEN-DAY OBJECTION DEADLINE
19   _____

20

21   I.    **PROCEDURAL HISTORY**

22        Plaintiff Craig Cooper is a state prisoner proceeding pro se and in forma

23   pauperis in this civil rights action filed April 1, 2011 pursuant to 42 U.S.C. § 1983. This

24   matter arose at Pleasant Valley State Prison ("PVPS") and proceeds on claims of denial

25

26   of medical care and state law medical negligence against Defendant Sely, a Licensed

27

                                        -1-

Vocational Nurse ("LVN") at PVSP. (ECF No. 9.)

Plaintiff filed a motion for summary judgment (ECF No. 40), and moved to supplement (ECF No. 46) and clarify (ECF No. 51). Defendant filed opposition. (ECF No. 50.) Plaintiff filed reply documents. (ECF Nos. 54, 55.)

Defendant filed a motion for summary judgment. (ECF No. 47.) Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), Defendant notified Plaintiff of his rights, obligations and methods for opposing Defendant's motion. (ECF No. 47-1). Plaintiff filed a motion to notify of Defendant's perjured declarations and request for judgment on the pleadings (ECF No. 52), as well as opposition and response to Defendant's separate statement (ECF Nos. 56 & 57). Defendant filed opposition (ECF No. 58) and reply documents (ECF No. 59). Plaintiff filed a reply (ECF No. 60) and sur-reply (ECF No. 61). Defendant filed a motion to strike the sur-reply (ECF No. 62), to which Plaintiff filed opposition (ECF No. 63).

The motions are now deemed submitted. Local Rule 230(*l*).

II.     **SUMMARY OF COMPLAINT**

The allegations can be summarized as follows:

Plaintiff, an insulin dependent diabetic, had been "having difficulties" with Defendant. (ECF No. 1 at 6:16.) On September 2, 2010, after having declined diabetic examination and treatment at the clinic earlier in the day, Plaintiff approached Defendant during evening medication distribution and informed her that he was having diabetic problems and needed to have his blood sugar tested. Plaintiff claims he was experiencing diabetic symptoms including sweating, panic, insatiable thirst, elevated heart rate, trembling, irritability and blurred vision.

1   Defendant was aware that Plaintiff was diabetic. Defendant had the skill and

2   equipment with her to test and treat Plaintiff, but was indifferent to his serious medical

3   needs and negligently (1) refused to test and treat his diabetic symptoms and condition

4   (ECF No. 1 at 5, 6) and (2) left Plaintiff to suffer symptoms "for the rest of that evening

5
6   and all night" (id. at 7), thereby causing Plaintiff pain, general damages and emotional

7   distress. (Id. at 8:17-19.)

8   **III.   SUMMARY JUDGMENT STANDARD**

9   Any party may move for summary judgment, and the Court shall grant summary

10  judgment if the movant shows that there is no genuine dispute as to any material fact

11  and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a);
12
13  Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's

14  position, whether it be that a fact is disputed or undisputed, must be supported by (1)

15  citing to particular parts of materials in the record, including but not limited to

16  depositions, documents, declarations, or discovery; or (2) showing that the materials

17  cited do not establish the presence or absence of a genuine dispute or that the

18  opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P.
19
20  56(c)(1). While the Court may consider other materials in the record not cited to by the

21  parties, it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco

22  Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

23  In resolving cross-motions for summary judgment, the Court must consider each

24  party's evidence. Johnson v. Poway Unified School Dist., 658 F.3d 954, 960 (9th Cir.

25  2011). Plaintiff bears the burden of proof at trial, and to prevail on summary judgment,
26
27  he must affirmatively demonstrate that no reasonable trier of fact could find other than

for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

Defendant does not bear the burden of proof at trial and in moving for summary

judgment, he need only prove an absence of evidence to support Plaintiff's case. In re

Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not

make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at

984, and it must draw all inferences in the light most favorable to the nonmoving party

and determine whether a genuine issue of material fact precludes entry of judgment.

Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942

(9th Cir. 2011).

## IV.     UNDISPUTED FACTS[1]

The Court has reviewed the parties' separate statements and finds the following

material facts to be undisputed:

1.     On September 2, 2010,  Defendant knew Plaintiff was diabetic.

2.     On September 2, 2010, Defendant, an LVN, was assigned to treat

diabetics in the clinic at 3:30 PM and was assigned to general medication distribution in

Facility C housing unit 5 at 5:30 PM.

3.     Plaintiff was housed in Facility C housing unit 5 at times relevant.

4.     Plaintiff was not on lockdown on September 2, 2010.

---

[1] All facts are taken from the parties' respective statements of undisputed facts and are
considered undisputed unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil
Procedure 56(c), all disputes with the movant's statement of facts must be supported with citation to
evidence. See Local Rule 260(b) (parties' opposing statements of undisputed facts shall deny those that
are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit,
deposition, interrogatory answer, admission or other document relied upon in support of that denial.").

5.     Treatment for diabetic inmates not on lockdown and not experiencing an emergency is provided in the clinic.

6.     The diabetic treatment cart is kept in the clinic except when making housing unit rounds to diabetic inmates on lockdown.

7.     Inmate Medical Services Policies and Procedures, Volume 4, Chapter 21 Urgent/Emergent Response ("Emergency Response Policy") defines "emergency" as "any medical or dental condition for which evaluation and treatment, as determined by health care staff, are immediately necessary to prevent death, severe or permanent disability, or to alleviate or lessen disabling pain."

8.     Plaintiff appeared at the clinic at or about 3:30 PM on September 2, 2010, the time for diabetic treatment, signed a form refusing examination and treatment, gave the form to Defendant and left.

9.     Plaintiff approached Defendant during general medication distribution in his housing unit at approximately 5:30 on September 2, 2010, stated he was dizzy and demanded that his blood glucose level be tested.

10.     Defendant observed Plaintiff and did not detect any symptoms of diabetic distress or feel that Plaintiff required any medical care.

11.     Defendant was not required to have the diabetic cart with her during general medication distribution, and she did not have it or diabetic testing equipment with her.[2]

---

[2] Plaintiff's inferential claim that Defendant must have had the diabetic cart because Southern Hispanic inmates in Facility C remained on lockdown (see Plf. Disputed Material Facts 14-15) assumes fact not in evidence, namely that Defendant was assigned to treat diabetic lockdown inmates during the 5:30 general medication distribution on September 2, 2010. Regardless, Plaintiff's proposed inference is speculative and does not overcome, or even put in dispute, the specific sworn evidence to the contrary.

12.     Defendant did not provide personal medical treatment to Plaintiff upon his demand, but instead told him to go to the clinic (where the diabetic cart was kept) for blood sugar testing.

13.     Plaintiff did not go to the clinic, but returned to his cell.

14.     Plaintiff did not go "man down",[3] or seek diabetic treatment later on September 2, 2010 or the following two days.

15.     Plaintiff showed no signs of diabetic distress later on September 2, 2010, or the next day when P.A. Fortune saw him for a routine examination.

16.     Plaintiff suffered no documented harm from his interaction with Defendant on September 2, 2010.

## V.     ANALYSIS

### A.     Cross-Motions for Summary Judgment

#### 1.     Procedural Motions

Plaintiff moves to supplement his motion for summary judgment with argument and his declaration (ECF No. 46) and to clarify an erratum in the supplement. (ECF No. 51). It is recommended these motions be granted for good cause shown. Plaintiff is proceeding in pro se. Defendant has been provided sufficient notice and opportunity to respond and no prejudice is apparent.

Defendant moves to strike Plaintiff's sur-reply on grounds it is unauthorized. (ECF No. 62). The sur-reply is unauthorized. However, the motion is denied for the same reasons noted above.

---

See E.E.O.C. v. Boeing Co. 577 F.3d 1044, 1050, (9th Cir. 2009).

[3] "Man down" triggers an emergency response from prison staff. (Joachim Decl. at ¶ 18.)

1    In reaching these findings and recommendations, the undersigned has

2  considered the information provided by Plaintiff in those two motions and the sur-reply.

3            2.      Plaintiff's Objections and Request for Rule 56 Continuance

4    Plaintiff objects (ECF No. 52 at 3:1-25) to the declarations of Defendant and

5  KVSP Nurse Joachim (ECF No. 47-5, Ex.'s A-B) as "perjured" because these

6  declarations state that on September 2, 2010 all inmates in Facility C were on "normal"

7  program status whereas the Facility C Program Status Report for September 2, 2010

8  (ECF 47-6, Ex. F) indicates Southern Hispanics were on a modified (lockdown)

9  program. Because of this "fabricated information", Plaintiff claims he can not present

10 facts essential to his opposition to summary judgment. (Id. at 3:27-4:1; Plf. Disputed

11 Material Facts ("DMF") Nos. 16, 18, 19, 21, 22.)

12   Defendant concedes inadvertent error in stating that all inmates in Facility C

13 were on normal program on September 2, 2010. Plaintiff correctly notes the Southern

14 Hispanics remained on modified (lockdown) program. (ECF 59 at 4:12-14.)

15   The Court, in ruling on the instant motions, has considered the declarations of

16 Defendant and KVSP Nurse Joachim as corrected above. The Court finds no cause to

17 exclude these declarations based upon a minor mistake which has been corrected on

18 the record, see e.g., Messick v. Horizon Industries, Inc., 62 F.3d 1227, 1231 (9th Cir.

19 1995), and overrules the objection.

20   Plaintiff claims that the above misstatement made unavailable to him facts

21 essential to his opposition. However, he provides no sworn affidavit or declaration

22 specifying the facts that allegedly are unavailable and how and why they became

23 unavailable by reason of the previously denied "lockdown of Southern Hispanics". This

24 request is deficient under Fed. R. Civ. P. 56(d). The Court accordingly denies Rule

25 56(d) relief on that ground.

26

27

-7-

Plaintiff also objects to the declaration of Fortune, the KVSP Physician's Assistant ("PA") who gave Plaintiff a routine exam on September 3, 2010, on grounds Fortune falsely states he performed a certain blood sugar (A1C) test. Plaintiff's objection states P.A. Fortune "[did] not perform the A1C test, this is done by a lab by blood draw and the results cannot be done in 15 minutes." (ECF No. 52 at 4:18-20.)

The objection, directed only at portions of ¶ 3 and ¶4 of the Fortune declaration, is overruled. The objection is unverified and lacks foundation. Arguments or contentions set forth in a responding brief do not constitute evidence. See Coverdell v. Dep't of Soc. & Health Servs., 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence).  Plaintiff's denial of the A1C testing is unsupported by any evidence, refuted by his acquiescence in the results of the test (see Plf. DMF No. 29), and is not credible. Nor has Plaintiff, by this evidentiary objection, rendered A1C testing "disputed".

### 3.     Defendant's Objection

Defendant objects to Plaintiff's proffered Emergency Response Policy on relevancy grounds, arguing the September 2, 2010 incident was not an "emergency" as defined therein. (Def. DMF No. 7.)

The Court finds the Emergency Response Policy is probative of facts and claims in issue. The objection is overruled.

### 4.     Medical Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett,

439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

This requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin, 974 F.2d at 1059. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06.

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim", Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), unless "the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

a.      Serious Medical Need

Plaintiff claims that when he approached Defendant on September 2, 2010 during evening medication distribution, he was suffering symptoms of sweating, panic, insatiable thirst, elevated heart rate, trembling, irritability and blurred vision, and presented a diabetic emergency. (Plf. Undisputed Material Fact (UMF) Nos. 8, 25; Plf. Response to Def. First Set Interrogatories No. 1.) Defendant disputes Plaintiff presented these symptoms (Def. Response to Plf. UMF Nos. 8, 25), and though conceding Plaintiff stated he was dizzy and requested a blood glucose test (Def. UMF

No. 12; Sely Decl. at ¶ 10), denies that Plaintiff had a serious medical need. (Def. UMF Nos. 9, 10, 11, 13, 17-23; Sely Decl. 11-14.)

There is, then, a clear dispute of material fact as to whether Plaintiff had diabetic symptoms showing a serious medical need. See McGuckin, 974 F.2d at 1059-60. ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").That issue can not be resolved on summary judgment.

b.      Deliberate Indifference to Serious Medical Need

Plaintiff claims he was having a diabetic emergency when he encountered Defendant during medication distribution and that Defendant refused to respond to the emergency notwithstanding her ability to do so. (Plf. UMF Nos. 5-14.)

The undisputed facts show that Defendant responded to Plaintiff's need by advising him that diabetic testing was available in the clinic (Def. UMF Nos. 6, 14, 16; Def. DMF No. 22; Sely Decl. at ¶ 12; Joachim Decl. at ¶ 18) and by checking up on him later that evening at which time Plaintiff was found to be free of complaints or diabetic distress. (Def. UMF Nos. 18-22). The facts also show that Plaintiff did not go to the clinic as suggested or  go "man down." (Def. UMF Nos. 5, 16, 24.) The undisputed evidence supports the conclusion that Plaintiff suffered no documented harm from the event. (Def. UMF Nos. 13, 21, 24, 25-26, 32.)

The disputed facts show only that Plaintiff felt his symptoms warranted a different response than that which Defendant provided. There is nothing before the Court that would support a finding that Defendant's response was inadequate and/or demonstrated deliberate indifference to Plaintiff's medical needs. Plaintiff's disagreement with treatment decisions is not alone a basis for deliberate indifference.

1  Franklin, 662 F.2d at 1344. The fact that Plaintiff did not avail himself of even the

2  immediate option offered him (i.e., to visit the clinic), pursue other avenues (e.g., a

3  "man down" alert) or seek other relief is evidence that Defendant's response was

4  adequate and, given the absence of evidence of real harm to Plaintiff from the event,

5  that it was effective.

6      The Court finds that Defendant's actions were medically acceptable and

7  consistent with institutional practice and policy. Defendant, based upon her observation

8  of Plaintiff, determined he did not present a diabetic emergency. (Def. UMF Nos. 9, 11,

9  13; Sely Decl. at 11; Emergency Response Policy at § III.) Plaintiff was not on lockdown

10  when he presented to Defendant. (Def. UMF No. 3.) Defendant did not have the ability

11  to test Plaintiff's blood sugar at the time because she did not have the diabetic cart.

12  (Def. UMF Nos. 14-15; Sely Decl. at ¶ 12; Joachim Decl. at ¶ 11.) Defendant's advice to

13  Plaintiff to go to the clinic for diabetic testing (Def. UMF No. 16; Sely Decl. at 12) was

14  consistent with institutional procedure and policy (Def. UMF No. 5) and medically

15  appropriate. (Joachim Decl. at ¶ 21.)

16      The undisputed facts show that Defendant was not deliberately indifferent during

17  her encounter with Plaintiff on September 2, 2010.

18                    c.      Qualified Immunity

19      Government officials enjoy qualified immunity from civil damages unless their

20  conduct violates "clearly established statutory or constitutional rights of which a

21  reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

22  In ruling upon the issue of qualified immunity, one inquiry is whether, taken in the light

23  most favorable to the party asserting the injury, the facts alleged show the defendant's

24  conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001),

25  overruled in part by Pearson v. Callahan, 555 U.S. 223, 227 (2009) ( "Saucier

26  procedure should not be regarded as an inflexible requirement"). The other inquiry is

27

-11-

1  whether the right was clearly established. Saucier, 533 U.S. at 201. The inquiry "must

2  be undertaken in light of the specific context of the case, not as a broad general

3  proposition . . . ." Id. In resolving these issues, the court must view the evidence in the

4  light most favorable to plaintiff and resolve all material factual disputes in favor of

5  plaintiff. Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

6        Qualified immunity protects "all but the plainly incompetent or those who

7  knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). Therefore, "[i]f

8  the [defendant's] mistake as to what the law requires is reasonable . . . the [defendant]

9  is entitled to the immunity defense." Saucier, 533 U.S. at 205; Estate of Ford v.

10  Ramirez-Palmer, 301 F.3d 1043, 1050 (9th Cir. 2002). "The principles of qualified

11  immunity shield an officer from personal liability when an officer reasonably believes

12  that his or her conduct complies with the law." Pearson, 555 U.S. at 244.

13        Plaintiff has a clearly established Eighth Amendment right not to be denied care

14  of his serious medical needs as a result of deliberate indifference. See Preyor v. City of

15  Ferndale, 248 Fed.Appx. 636, 645, (2007), citing Estate of Carter v. City of Detroit, 408

16  F.3d 305, 313 (6th Cir. 2005) (where the circumstances are clearly sufficient to indicate

17  the need of medical attention for injury or illness, the denial of such aid is a

18  constitutional deprivation); see also Estelle, 429 U.S. at 105. The question then

19  becomes whether a reasonable medical official could have believed Defendant's

20  conduct was lawful. See Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993).

21  "Whether or not a reasonable officer would have known that his or her conduct violated

22  clearly established law is not in itself a factual issue that can preclude summary

23  judgment." Act Up!, 988 F.2d at 873.

24        The Court finds that a reasonable medical official would have believed

25  Defendant's conduct was lawful if appropriate treatment of the medical need was

26  provided consistent with applicable practices and protocols. It is undisputed

27

-12-

1  Defendant's conduct was medically appropriate and consistent with the Emergency

2  Response Policy. Defendant, acting within her province, determined Plaintiff did not

3  present a medical emergency. Defendant did not have diabetic testing and treatment

4  equipment with her. Defendant referred Plaintiff to the clinic where diabetic testing and

5  treatment was available. Defendant followed up with custody staff and later that night

6  checked in on Plaintiff when she was doing rounds in the housing unit. Defendant's

7  conduct was determined medically appropriate by Defendant's supervisor, Nurse

8  Joachim, and is consistent with Emergency Response Policy and facility practice.

9       Thus, even if Defendant's motion for summary judgement otherwise were

10  denied, the court finds that Defendant is entitled to the defense of qualified immunity

11  with regard to the medical indifference claim. Romero v. Kitsap County, 931 F.2d 624,

12  627 (9th Cir. 1991) ("regardless of whether the constitutional violation occurred, the

13  officer should prevail if . . . the officer could have reasonably believed that his particular

14  conduct was lawful."). See James v. Rowlands, 606 F.3d 646, 651 (9th Cir. 2010), citing

15  Pearson, 555 U.S. at 236) (the Court has discretion to grant qualified immunity on the

16  basis of the "clearly established" prong alone, without deciding in the first instance

17  whether any right had been violated).

18       5.    Medical (State Law) Negligence

19      "To establish a medical malpractice claim, the plaintiff must allege: (1)

20  defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3)

21  injury to plaintiff as a result of that breach-proximate or legal cause; and (4) damage to

22  plaintiff." Rightley v. Alexander, 1995 WL 437710 at *3 (N.D. Cal. July 13, 1995), citing

23  Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (Cal. 1978); 6 B.E. Witkin,

24  Summary of California Law, Torts § 732 (9th ed. 1988). "[M]edical personnel are held in

25  both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed

26  and exercised by members of their profession in similar circumstances." Hutchinson v.

27

1    United States, 838 F.2d 390, 392 (9th Cir. 1988).

2         Plaintiff claims that Defendant, in acting and failing to act as described above,

3    was negligent. However, there is no evidence upon which the Court could conclude that

4    Defendant fell below the standard of care applicable to a medical professional dealing

5    with Plaintiff as described above. The only competent evidence in that regard comes

6    from Defendant, and it shows she met the appropriate medical guidelines and

7    institutional policy. Plaintiff offers nothing more than his lay opinion that the care was

8    inappropriate.

9         The Court finds that the undisputed facts establish Defendant did not breach a

10   duty of care owed to Plaintiff. Defendant observed Plaintiff and determined there was

11   no diabetic emergency. (Def. UMF Nos. 9, 11, 13; Def. DMF Nos. 23-25; Sely Decl. at

12   11; Emergency Response Policy at § III.) Defendant lacked the equipment to provide

13   blood sugar testing in the housing unit (Def. UMF Nos. 14-15; Sely Decl. at ¶ 12;

14   Joachim Decl. at ¶ 11), and referred Plaintiff to the clinic where testing was then

15   available. (Def. UMF Nos. 6, 14, 16; Sely Decl. at 12; Joachim Decl. at ¶ 18.)

16   Defendant's actions were medically acceptable and consistent with institutional policy

17   and practice. (Def. UMF Nos. 3, 5, 6, 14, 16; Def. DMF No. 22; Joachim Decl. at ¶ 21.)

18   Defendant checked on Plaintiff later that evening and found no complaints or diabetic

19   distress. (Def. UMF Nos. 18-22.) Plaintiff did not request care or manifest diabetic

20   symptoms over the next two days. (Def. UMF Nos. 27-34.)

21        The undersigned finds that Defendant, on the undisputed facts, did not breach a

22   duty of care owed or cause harm during her encounter with Plaintiff on September 2,

23   2010.

24        Accordingly, Defendant's motion for summary judgment should be granted and

25   Plaintiff's motion for summary judgment should be denied.

26

27

1    **B.    Plaintiff's Motion for Judgment on the Pleadings**

2    The standard on a motion for judgment on the pleadings under Federal Rule of

3    Civil Procedure 12(c) is essentially the same as that applied on a Rule 12(b)(6) motion,

4    i.e., judgment on the pleadings is appropriate when, even if all material facts in the

5    pleading under attack are true, the moving party is entitled to judgment as a matter of

6    law. Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). If matters extrinsic to the

7    pleadings are presented to the court, the motion is converted into a Rule 56 summary

8    judgment motion. Fed. R. Civ. P. 12(d).

9    A Rule 12(c) motion may be joined with a Rule 56 motion.

10   1.    Plaintiff's Argument

11   Plaintiff requests judgment on the pleadings on grounds the declarations of

12   Defendant, Nurse Joachim, and Physician's Assistant Fortune are perjured (as

13   discussed in § V above). (ECF No. 52 at 3:1-25.) Plaintiff claims the allegedly perjured

14   declarations tainted discovery and prevented him from presenting facts essential to

15   justify his opposition.

16   2.    Defendant's Argument

17   Defendant argues Plaintiff is not entitled to judgment on Defendant's answer.

18   (ECF No. 13). The answer denies the allegations in the complaint, thereby controverting

19   material facts alleged in the complaint, and it also raises affirmative defenses. Nothing

20   about the answer lends itself to judgment for Plaintiff.

21   3.    Analysis

22   A plaintiff may bring a Rule 12(c) motion for judgment on the pleadings if

23   defendant's answer fails to controvert material facts alleged in the complaint. Plaintiff's

24   motion can not be granted if the answer raises a fact or an affirmative defense that, if

25   true, would defeat recovery. General Conference Corp. of Seventh-Day Adventists v.

26   Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). "A

27

1  plaintiff is not entitled to judgment on the pleadings when the answer raises issues of

2  fact that, if proved, would defeat recovery. Similarly, if the defendant raises an

3  affirmative defense in his answer it will usually bar judgment on the pleadings." General

4  Conference Corp. of Seventh-Day Adventists, 887 F.2d at 230, citing 5 C. Wright & A.

5  Miller, Federal Practice and Procedure § 1368 (1969).

6          Defendant's answer denies material allegations in the complaint (ECF No. 13 at

7  ¶¶ 1-2, 9-11, 13-36) and lodges seven affirmative defenses including failure to state a

8  claim and qualified immunity. (ECF No. 13 at 5:7-22.)

9          Plaintiff's objections to the allegedly perjurous declarations have been

10  appropriately considered by the Court in ruling upon the instant Rule 56 cross-motions.

11          Plaintiff does not explain, or provide support for, his position that allegedly

12  perjured declarations supporting a summary judgment motion can be a basis for

13  judgment on the pleadings.

14          The undersigned finds that Plaintiff has failed to meet his burden under Rule

15  12(c). Accordingly, Plaintiff's motion for judgment on the pleadings (ECF No. 52) should

16  be denied.

17  **VI.    LEGAL CONCLUSIONS AND RECOMMENDATIONS**

18          Plaintiff's motion to supplement (ECF No. 46) and clarify (ECF No. 51) his

19  summary judgment motion should be granted and Defendant's motion to strike sur-

20  reply (ECF No. 62) denied upon consideration of Plaintiff's pro se status and the

21  absence of apparent prejudice to Defendant.

22          Defendant has shown on the undisputed facts that she was not deliberately

23  indifferent and is entitled to qualified immunity as to serious medical needs; and that

24  she did not breach a state law duty owed to Plaintiff causing harm on September 2,

25  2010. Therefore the undersigned recommends Defendant is entitled to judgment in this

26  action as a matter of law and that Defendant's motion for summary judgment (ECF No.

27

1    47) should be granted and Plaintiff's motion for summary judgment (ECF No. 40)

2    should be denied.

3            Defendant's answer denies material allegations in the complaint and lodges

4    affirmative defenses which, if proved would defeat recovery on the complaint, and

5    therefore the undersigned recommends that Plaintiff's motion for judgment on the

6    pleadings (ECF No. 52) should be denied.

7            These findings and recommendations will be submitted to the United States

8    District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §

9    636(b)(I). Within fourteen (14) days after being served with these findings and

10   recommendations, the parties may file written objections with the Court. The document

11   should be captioned "Objections to Magistrate Judge's Findings and

12   Recommendations." A party may respond to another party's objections by filing a

13   response within fourteen (14) days after being served with a copy of that party's

14   objections. The parties are advised that failure to file objections within the specified time

15   may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153,

16   1156 (9th Cir. 1991).

17

18   IT IS SO ORDERED.

19

20   Dated:     August 13, 2013              /s/ Michael J. Seng

21                                           UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27