# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG COOPER,<br><br>    Plaintiff,<br><br>    v.<br><br>SYNTHIA SELY,<br><br>    Defendant. | Case No. 1:11-cv-00544-AWI-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS SUPPLEMENTED AND CLARIFIED, (3) DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADING, and (4) DENYING DEFENDANT'S MOTION TO STRIKE SURREPLY**<br><br>**(ECF Nos. 40, 46, 47, 51, 52, 62, 64, 67)**<br><br>**CLERK TO ENTER JUDGMENT FOR DEFENDANT AND CLOSE CASE** |

Plaintiff Craig Cooper is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed April 1, 2011 pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

1

On August 13, 2013, the Magistrate Judge issued findings and recommendations (ECF No. 64) granting Defendant's motion for summary judgment (ECF No. 47); denying Plaintiff's motions for judgment on the pleadings (ECF No. 52) and summary judgment (ECF No. 40) as supplemented (ECF No. 46) and clarified (ECF No. 51); and denying Defendant's motion to strike surreply (ECF No. 62). Any objection to the findings and recommendations was due by September 3, 2013. (ECF No. 64.) On September 5, 2013, Plaintiff filed objections to the findings and recommendations.[1] (ECF No. 65.) On September 23, 2013, Plaintiff filed a motion to supplement his objections.[2] (ECF No. 66, 67.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Plaintiff's objections as supplemented re-hash arguments previously considered and rejected by the Magistrate in the findings and recommendations, that Defendant offers perjured declarations denying and "willfully bind" to a modified lockdown that was in effect at times relevant entitling Plaintiff to a Rule 56(d)(e) continuance, that Defendant must have had diabetic equipment when Plaintiff approached, and that Plaintiff presented a serious diabetic need to which Defendant did not respond. Even with the modified lockdown, conceded by Defendant on the record and considered by the Magistrate, it remains that Plaintiff's claim to Rule 56(d)(e) relief is procedurally and substantively deficient and unsupported by any showing of prejudice, that Defendant has shown on the undisputed facts she was not deliberately indifferent and is entitled to qualified immunity as to serious medical needs, and that Defendant did not breach a state law duty owed to Plaintiff causing harm on September 2, 2010. These re-arguments fail to raise an issue of law or fact under the findings and recommendations. Plaintiff's objections as supplemented lack merit for the reasons stated.

---

[1] The Court has considered Plaintiff's untimely objections.
[2] The Court grants consideration of Plaintiff's supplemental objections (ECF No. 67.)

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts the findings and recommendations filed on August 13, 2013 (ECF No. 64) in full;
2. Defendant's motion to strike surreply (ECF No. 62) is DENIED;
3. Plaintiff's motions for judgment on the pleadings (ECF No. 52) and for summary judgment (ECF No. 40) as supplemented (ECF No. 46) and clarified (ECF No. 51) are DENIED;
4. Defendant's motion for summary judgment (ECF No. 47) is GRANTED; and
5. The Clerk of the Court shall ENTER JUDGMENT for Defendant and CLOSE the case.

IT IS SO ORDERED.

Dated:  March 12, 2014

_____
SENIOR DISTRICT JUDGE