# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG COOPER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SYNTHIA SELY,<br><br>　　　　Defendant. | Case No. 1:11-cv-00544-AWI-MJS (PC)<br><br>**ORDER DENYING MOTION FOR TRANSCRIPT ON APPEAL AT GOVERNMENT EXPENSE**<br><br>**(ECF No. 71)** |

## I.　PROCEDURAL BACKGROUND

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 claiming denial of medical care and medical negligence against Defendant Sely. On March 12, 2014, the District Judge assigned to this case adopted Findings and Recommendations granting Defendant's motion for summary judgment and entered judgment thereon.

Plaintiff appealed the adverse judgment to the United States Court of Appeals for the Ninth Circuit.[1] On April 3, 2014, Plaintiff designated the Clerk's record in this case as the transcript on appeal and requested the transcript at government expense (ECF No. 71).

Plaintiff's request that the transcript be produced at government expense is now before the Court.

---
[1] See 9th Cir. Case No.14-15655.

1

## II. DISCUSSION

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511–12 (9th Cir. 1991), overruled on other grounds by Helling v. McKinney, 502 U.S. 903 (1991). Two statutes must be considered whenever the District Court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915 defines the limited circumstances under which the Court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis as follows:

> Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a substantial question. Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984).

Here, neither the District Court nor the Court of Appeals has required the record on appeal. Based on Plaintiff's notice of appeal, the Court finds that the appeal does not present a substantial question.

In addition, Plaintiff is notified that the Court of Appeals has access to the District

1  Court's file in this case, and will request any necessary documents that are in the record
2  directly from this Court.
3       If Plaintiff desires a copy of the certification of record from the docket or documents
4  contained in the record, he may request them from the District Court Clerk at $0.50 per
5  page.

6  **III.   ORDER**
7       Based on the foregoing, Plaintiff's motion for transcript on appeal at government
8  expense (ECF No. 71) is DENIED. Plaintiff may renew his request for transcript at
9  government expense with the Court of Appeals by filing a motion there if he wishes.
10
11 IT IS SO ORDERED.
12     Dated:   April 11, 2014            /s/ *Michael J. Seng*
13                                        UNITED STATES MAGISTRATE JUDGE